IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Damian Stepien, on behalf of himself and all other plaintiffs similarly situated, )<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>Hillside Lumber, Inc., and )<br>Ewa Kulaga )<br>)<br>)<br>)<br>        Defendants. ) | Case No.: |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Damian Stepien ("Damian" or "Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Collective Action Complaint against Defendant Hillside Lumber, Inc. ("Hillside") and Ewa Kulaga ("Kulaga) (collectively "Defendants") states as follows:

### Nature of the Action

1. This civil action is brought by the above-named plaintiff who brings this collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and under an individual claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* Plaintiff also bring a claim under the Illinois Biometric Information Privacy Act pursuant to 735 ILCS § 14/1 *et seq.*

### Parties

2. Plaintiff worked for Defendant in the State of Illinois.

3. Defendant Hillside is an Illinois entity headquartered at 4234 Warren Ave, Hillside, IL 60162.

4. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

5. During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

6. Defendant, Hillside, was the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

7. Defendant, Hillside, was the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c)

8. Plaintiff was Defendant Hillside's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

9. Plaintiff was Defendant Hillside's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d)

10. Defendant Kulaga is the president of Hillside lumber and oversaw the practices described herein.

## Jurisdiction and Venue

11. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

12. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

13. Plaintiff worked for Defendants within the past three years.

14. Defendants did not pay Plaintiff and similarly situated employees proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week.

15. By way of example, Defendants did not pay Plaintiff one and one-half times his full regular rate of pay for all hours worked in excess of forty in an individual work week for the pay periods of: (a) 1/4/2016 – 1/10/2016; (b) 7/4/2016-7/10/2016; (c) 1/9/2017-1/15/2017; (d) 9/4/2017-9/10/17.

16. Plaintiff performed his job responsibilities for Defendant in the State of Illinois.

17. Defendants failed to capture all remuneration paid to Plaintiff, and others similarly situated, when calculating the regular rate of pay for overtime purposes.

18. Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

19. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

20. Defendant Hillside failed to inform Plaintiff that Hillside was collecting, storing, or using their sensitive biometric data.

21. Defendant Hillside failed to inform Plaintiff with a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying his fingerprints.

## **COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff seeks to maintain this FLSA suit as a Collective pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees who were not fully compensated for overtime hours worked.

23. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

24. Plaintiff and asserted members of the Collective are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies.

25. Defendant has encouraged, permitted, and required the Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

26. Defendant has known that Plaintiff and other members of the Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

27. At this time the Plaintiff does not know the number of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

28. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All**

**Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

29. The Plaintiff re-alleges and incorporates by reference paragraphs 1-28.

30. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

31. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

32. Defendant failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

33. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

34. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

    A. A declaratory judgement that Defendant violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

    B. A declaratory judgment that Defendant's violations of the FLSA was willful;

    B. Unpaid overtime compensation;

    B. An additional amount equal as liquidated damages;

    C. Prejudgment interest;

D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E. Such other and further relief as this Court deems appropriate and just.

## **COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually)**

35. Plaintiff hereby alleges and incorporates Paragraph 1 through 34 of this Complaint, as is fully set forth herein.

36. This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

37. Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

38. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

39. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

40. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief:

A. A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiff;

B. A declaratory judgement that Defendant's violations of the IMWL were willful;

C. Unpaid overtime compensation;

D. A judgment of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

E. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT III – BIOMETRIC INFORMATION PRIVACY ACT
### 735 ILCS 14/1, *et seq.*
### (Plaintiff Individually)

41. Plaintiff hereby alleges and incorporates Paragraph 1 through 41 of this Complaint, as is fully set forth herein.

42. Defendants violated the Biometric Information Privacy Act by collecting and storing employee's biometric information and negligently failing to inform Plaintiff in writing, and failure to obtain a written release regarding biometric information from Plaintiff.

43. If Plaintiff was aware Defendant was collecting and storing his biometric information without his consent, he would not have agreed to turn it over to Defendants.

WHEREFORE, Plaintiff requests the following relief:

A. Injunctive and equitable relief requiring Defendants comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein;

B. Liquidated damages of $1,000 per violation for each of BIPA violation;

C. Reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: February 11, 2019                                             Respectfully Submitted,

By: /s/John Kunze_____
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400