### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Damian Stepien, on behalf of himself and all other plaintiffs similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> Hillside Lumber, Inc., and Ewa Kulaga, </br></br> Defendants. | Case No. 19 CV 00861 |

### DEFENDANTS' ANSWER TO PLAINTIFF'S
### COLLECTIVE ACTION COMPLAINT

The Defendants, Hillside Lumber, Inc., and Ewa Kulaga, by and through their attorneys, Ziccardi Law Offices, and for their Answer to Plaintiff's Collective Action Complaint, hereby state as follows:

### Nature of the Action

1. This civil action is brought by the above-named plaintiff who brings this collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 301 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and under an individual claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*. Plaintiff also brings a claim under the Illinois Biometric Information Privacy Act pursuant to 735 ILCS § 14/1 *et seq*.

**ANSWER:** Defendants admit that this claim is brought under the FLSA and the IMWL.

Answering further, defendants state that plaintiff's claim for violation of the Illinois Biometric Privacy Act has been dismissed as of the date of filing hereof.

### Parties

2. Plaintiff worked for Defendant in the State of Illinois.

**ANSWER:** Defendants admit the allegations of paragraph 2.

3. Defendant Hillside is an Illinois entity headquartered at 4234 Warren Ave., in Hillside, Illinois 60162.

**ANSWER:** Defendants admit the allegations of paragraph 3.

4. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

**ANSWER:** Defendants admit that Hillside Lumber is an enterprise engaged in commerce.

5. During the past three years Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

**ANSWER:** Defendants admit the allegations of paragraph 5.

6. Defendant Hillside was the Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

**ANSWER:** Defendants admit the allegations of paragraph 6.

7. Defendant Hillside was the Plaintiff's "employer" as defined by the IMLWL, 820 ILCS 105/3(c).

**ANSWER:** Defendants admit the allegations of paragraph 7.

8. Plaintiff was Defendant Hillside's "employee" as that term is defined in the FLSE, 29 U.S.C. §203(e)(1).

**ANSWER:** Defendants admit the allegations of paragraph 8.

9. Plaintiff was Defendant Hillside's "employee" as that term is defined by the IMWL, 820 ILCS 105/3(d).

**ANSWER:** Defendants admit the allegations of paragraph 9.

10. Defendant Kulaga is the president of Hillside Lumber and oversaw the practices described herein.

**ANSWER:** Defendants admit the allegations of paragraph 10.

## Jurisdiction and Venue

11. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**ANSWER:** Defendants admit the allegations of paragraph 11.

12. Venue is proper to this Judicial District as all of the events arising out of this case arose in this Judicial District.

**ANSWER:** Defendants admit the allegations of paragraph 12.

## Factual Allegations

13. Plaintiff worked for Defendants within the past three years.

**ANSWER:** Defendants admit the allegations of paragraph 13.

14. Defendants did not pay Plaintiff and similarly situated employees proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week.

**ANSWER:** Defendants deny the allegations of paragraph 14.

15. By way of example, Defendants did not pay Plaintiff one and one-half times his full regular rate of pay for all hours worked in excess of forty in an individual work week for the pay periods of: (a) 1/4/2016 – 1/10/2016; (b) 7/4/2016-7/10/2016; (c) 1/9/2017-1/15/2017; (d) 9/4/2017-9/10/2017.

**ANSWER:** Defendants deny the allegations of paragraph 15.

16. Plaintiff performed his job responsibilities for Defendant in the State of Illinois.

**ANSWER:** Defendants admit the allegations of paragraph 16.

17. Defendants failed to capture all remuneration paid to Plaintiff, and others similarly situated, when calculating the regular rate of pay for overtime purposes.

**ANSWER:** Defendants deny the allegations of paragraph 17.

18. Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

**ANSWER:** Defendants deny the allegations of paragraph 18.

19. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

**ANSWER:** Defendants admit that plaintiff and its employees were not exempt from the overtime provisions of the FLSA. However, it denies that it failed to pay plaintiff overtime.

20. Defendant Hillside failed to inform Plaintiff that Hillside was collecting, storing, or using their sensitive biometric data.

**ANSWER:** Defendants deny the allegations of paragraph 20.

21. Defendant Hillside failed to inform Plaintiff with a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying his fingerprints.

**ANSWER:** Defendants deny the allegations of paragraph 21.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff seeks to maintain this FLSA suit as a Collective pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees who were not fully compensated for overtime hours worked.

**ANSWER:** Defendants admit that Plaintiff is seeking to maintain this FLSA suit as a Collective pursuant to 29 U.S.C. §216(b). Answering further, defendants deny there are other non-exempt employees who were not fully compensated for all hours worked.

23. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

**ANSWER:** Defendants deny the allegations of paragraph 23.

24. Plaintiff and asserted members of the Collective are similarly situated because *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies.

**ANSWER:** Defendants deny the allegations of paragraph 24.

25. Defendant has encouraged, permitted, and required the Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

**ANSWER:** Defendants deny the allegations of paragraph 25.

26. Defendant has known that Plaintiff and other members of the Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Collective the required compensation of one and one-half times their regular rate of pay for work in excess of 40 hours.

**ANSWER:** Defendants deny the allegations of paragraph 26.

27. At this time the Plaintiff does not know the number of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

**ANSWER:** Defendants admit only that it has possession of records. Answering further, defendants deny that there are any other employees similarly situated to plaintiff.

28. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation.

**ANSWER:** Defendants are without knowledge or information as to whether Plaintiff has secured adequate legal counsel who can protect his interest and the interests of the Collective and therefore, they make no answer to paragraph 28.

## COUNT I – FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

29. The Plaintiff re-alleges and incorporates by reference paragraphs 1-28.

**ANSWER:** Defendants reallege and reassert the answers to paragraphs 1-28 above as though fully set forth as and for their answer to paragraph 29 of this Count I.

30. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

**ANSWER:** Defendants admit that under the FLSA plaintiff and other employees are entitled to compensation at one-half times their regular rate for all hours worked in excess of 40 hours. Answering further, Defendants deny that they violated the FLSA.

31. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

**ANSWER:** Defendants admit the allegations of paragraph 31.

32. Defendant failed to compensate the Collective at the proper overtime rate for all the work the performed in excess of 40 hours per week in violation of the FLSA.

**ANSWER:** Defendants deny the allegations of paragraph 32.

33. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

**ANSWER:** Defendants deny the allegations of paragraph 33.

34. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

**ANSWER:** Defendants deny the allegations of paragraph 34.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Plaintiff Individually)**

35. Plaintiff hereby alleges and incorporates paragraph 1 through 34 of this Complaint, as is fully set forth herein.

**ANSWER:** Defendants reallege and reassert their answers to paragraphs 1-34 above as though fully set forth as and for their answer to paragraph 35 of this Count II.

36. This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/1 *et seq*.

**ANSWER:** Defendants admit that Plaintiff has brought this count under the IMWL. Answering further, defendants deny that they violated the IMWL.

37. Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, for all hours worked in excess of 40 hours in any, individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

**ANSWER:** Defendants admit that it is obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week and that overtime compensation must be paid at a rate of not less than 1.5 times the rate of pay. Defendants deny that they violated the IMWL.

38. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

**ANSWER:** Defendants deny the allegations of paragraph 38.

39. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

**ANSWER:** Defendants deny the allegations of paragraph 39.

40. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

**ANSWER:** Defendants deny the allegations of paragraph 40.

WHEREFORE, the defendants, Hillside Lumber, Inc. and Ewa Kulaga, respectfully request that this Honorable Court enter judgment in their favor and against plaintiff, with costs assessed.

Respectfully submitted,

Hillside Lumber, Inc. and Ewa Kulaga

By:    s/ Joseph R. Ziccardi
Attorneys for Defendants

Joseph R. Ziccardi, Esq.
Gabriella Moretti, Esq.
**ZICCARDI LAW OFFICES**
77 W. Washington Street, Suite 705
Chicago, Illinois 60602-3641
(312) 372-3477